ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>ÁNGEL LUIS MALDONADO COLÓN<br><br>Peticionario | TA2026CE00348 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: L LE2019G0030<br><br>Sobre: L121 Violación de Orden de Protección a Envejecientes |
|---|---|---|

Panel integrado por su presidente, el Juez Candelaria Rosa, el Juez Adames Soto, el Juez Campos Pérez y la Jueza Trigo Ferraiuoli

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 14 de abril de 2026.

Comparece por derecho propio el Sr. Ángel Luis Maldonado Colón (señor Maldonado Colón o peticionario) mediante un recurso discrecional de *certiorari.* El peticionario impugnó la *Orden* emitida y notificada el 13 de febrero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI). Por virtud del referido dictamen, el TPI declaró No Ha Lugar una *Solicitud de corrección de sentencia al amparo de la Regla 185 (B) de Procedimiento Criminal.*

**I.**

Surge del expediente que, el 2 de mayo de 2022, el TPI emitió una *Orden de Arresto* en contra del señor Maldonado Colón por su incomparecencia a una Vista de Seguimiento señalada en los casos LLE2019G0030 y LLEC2019G0006.[1] Según los documentos presentados por el peticionario, posteriormente, el TPI celebró la Vista Final de Revocación de Probatoria. El señor Maldonado Colón tampoco compareció a la audiencia, pero sí su representación legal. Se desprende

---

[1] Véase, Apéndice del recurso en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC-TA). El epígrafe de la *Orden de Arresto* LLE2021G0046 alude correctamente a los casos LLE2019G0030 y LEC2019G0006; sin embargo, por inadvertencia, en el cuerpo del mandamiento se mencionó el caso LLE2018G0030, en lugar de LLE2019G0030.

de los testimonios vertidos en el proceso que el señor Maldonado Colón rechazó continuar con un tratamiento médico por condiciones de espalda y neuropatía y, desde esa fecha, las autoridades desconocían su paradero. También se le imputó haber viajado fuera de Puerto Rico y se alegó que las gestiones para localizarlo resultaron infructuosas. El TPI determinó que el señor Maldonado Colón violó las condiciones número 1, 2 y 4 impuestas en la probatoria.[2]

Por consiguiente, el 12 de julio de 2022, el TPI revocó la probatoria previamente concedida mediante *Resolución (TASC)* el 21 de junio de 2019;[3] dictó la *Sentencia decretando revocación final de probatoria en ausencia*[4] y condenó al peticionario a "**CUATRO AÑOS Y MEDIO DE CÁRCEL de forma concurrente con el caso LEC2019G0006** y consecutiva con cualquier otra Sentencia dictada por éste u otro Tribunal". (Énfasis en el original).

Además de la *Resolución (TASC)*, el expediente adolece del escrito judicial que dio origen a la *Orden* aquí recurrida y de la postura del Ministerio Público, si alguna. Sólo se anejó el pronunciamiento de 13 de febrero de 2026, mediante el cual el TPI declaró No Ha Lugar una

---

[2] Reproducimos las aludidas condiciones transgredidas:
1. El probando cooperará en todo momento con el Programa TASC para la evaluación de su caso y contestará y suplirá, veraz y fielmente, todas las preguntas e información que se le solicite. No encubrirá sus actividades, ni ocultándose ni mintiendo acerca de las mismas. No entorpecerá en forma alguna, la investigación y supervisión de su caso.
2. Ingresará en el Programa para la Rehabilitación de Adictos que se le asigne en la fecha, hora y sitio que el Programa TASC le indique y permanecerá en el mismo hasta su total rehabilitación. Cualquier cambio de Programa que se necesite para su rehabilitación deberá autorizarse expresamente por el Tribunal a petición del funcionario del Programa TASC.
. . . . . . . . .
4. Permanecerá dentro de la jurisdicción territorial del Tribunal Superior, Sala de Utuado. En el momento en que decida trasladar su residencia, deberá solicitar permiso del Programa TASC. No podrá abandonar el territorio de Puerto Rico sin permiso expreso del Tribunal.
. . . . . . . . .

[3] Aclaramos que las siglas TASC corresponden a "Treatment alternative to street crime" adscrito a la Administración de Servicios de Salud Mental y Contra la Adicción (ASSMCA). Tomamos conocimiento judicial del pronunciamiento suscrito por el Hon. Carlos J. López Jiménez, intitulado *Resolución (TASC)* de 21 de junio de 2019, en el caso *El Pueblo de Puerto Rico v. Ángel Luis Maldonado Colón* LEC2019G0006, en el que se encontró culpable al peticionario por el delito tipificado en el Artículo 127B del Código Penal de 2012, *Maltrato a personas de edad avanzada mediante amenaza*, 33 LPRA sec. 5186b, y fue condenado a cuatro años y seis meses, concurrentes con el caso LLE2019G0030. Además, el TPI reconoció el convenio entre el peticionario y la ASSMCA por lo que suspendió la condena para su extinción mediante libertad a prueba, sujeta a varias condiciones.

[4] Véase, Apéndice del recurso SUMAC-TA.

*Solicitud de corrección de sentencia al amparo de la Regla 185 B de Procedimiento Criminal.*[5]

Insatisfecho, el 19 de marzo de 2026, el señor Maldonado Colón presentó ante nos su recurso de *certiorari*.[6] Según explica en su manuscrito, se encuentra confinado desde el 27 de marzo de 2025 por desacato. En específico, por su ausencia a las audiencias antes reseñadas. Aduce que el procedimiento se realizó dos años después de que el periodo probatorio culminó. Por ello, entiende que la pena impuesta es desproporcionada y, contrario a derecho, extiende la probatoria. A tales efectos, solicita su corrección.

El señor Maldonado Colón no esbozó planteamientos de error específicos, pero consignó lo siguiente:

> Por todo lo cual se hace alusión al sentido de benevolencia, empatía y justicia que caracteriza al Honorable Foro Apelativo para muy respetuosamente solicitar se cor[r]ija la sentencia desproporcionada a toda luz ilegal y se aplique la pena justa y merecida a tono con el acto y código penal establecido a un primer ofensor.

En aras de aclarar nuestra jurisdicción, ordenamos al Pueblo de Puerto Rico a expresarse. En cumplimiento de *Resolución*, por conducto de la Oficina del Procurador, presentó una *Solicitud de Desestimación*. Planteó que el recurso era tardío y que el peticionario incumplió crasamente con las normas procesales que rigen la presentación de autos discrecionales como el del título.[7] Además, indicó que no se desprende que el señor Maldonado Colón haya notificado al Ministerio Público acerca de la presentación de este auto.

**II.**

**A.**

El Tribunal Supremo de Puerto Rico ha definido *jurisdicción* como el poder o autoridad que ostentan los tribunales para considerar y decidir

---

[5] Véase, Apéndice del recurso SUMAC-TA.
[6] El sobre incluido muestra un matasellos del correo con fecha del 17 de marzo de 2026.
[7] Reglas 33-34 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 51-58, 216 DPR ___ (2025).

los casos y las controversias ante su atención. *Beltrán Cintrón v. ELA*, 204 DPR 89, 101 (2020), que cita a *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). Es norma reiterada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, ya que no tenemos discreción para asumirla si no la hay. Por ello, las cuestiones relativas a la jurisdicción son privilegiadas y, como tal, deben atenderse y resolverse con preferencia y prontitud. La falta de jurisdicción no es susceptible de ser subsanada. Más aún, ante un cuestionamiento de falta de jurisdicción, estamos compelidos a auscultarla, toda vez que el planteamiento jurisdiccional incide directamente sobre el poder para adjudicar una controversia. Una sentencia dictada sin jurisdicción es nula en Derecho y, por lo tanto, inexistente. En consecuencia, una vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la inmediata desestimación del recurso apelativo de conformidad con lo ordenado por las leyes y los reglamentos para el perfeccionamiento de los recursos. *S.L.G Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882-883 (2007); *Torres Alvarado v. Madera Atiles*, *supra*, págs. 499-500; además, *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *Suffront v. A.A.A.*, 164 DPR 663, 674 (2005).

En armonía, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR ____ (2025), faculta a este foro intermedio para, a iniciativa propia o a petición de parte, desestimar un recurso apelativo cuando carecemos de jurisdicción.

**B.**

La Ley Núm. 259 de 3 de abril de 1946, según enmendada, conocida como la *Ley de Sentencia Suspendida y Libertad a Prueba*, 34 LPRA sec. 1026 *et seq.*, establece un sistema de libertad a prueba en los tribunales de justicia de Puerto Rico "mediante el cual se le confiere a un convicto la oportunidad de cumplir su sentencia o parte de ésta fuera de

las instituciones penales, siempre y cuando éste observe buena conducta y cumpla con las restricciones que el tribunal le imponga". *Pueblo v. Vélez Torres*, 212 DPR 175, 182 (2023), que cita a *Pueblo v. Zayas Rodríguez*, 147 DPR 530, 535-536 (1999).

El Artículo 2 de la *Ley de Sentencia Suspendida y Libertad a Prueba, supra*, establece lo siguiente:

.    .    .    .    .    .    .    .

La persona sentenciada consentirá, además, a que se le pueda revocar su libertad a prueba en ausencia si ésta ha abandonado la jurisdicción o si se desconoce su paradero por haber cambiado de dirección sin haberlo informado a su oficial probatorio. 34 LPRA sec. 1027(a).

.    .    .    .    .    .    .    .

Con relación a la revocación de la libertad a prueba, el Artículo 4 de la *Ley de Sentencia Suspendida y Libertad a Prueba, supra*, dispone, en parte, como sigue:

El tribunal sentenciador podrá en cualquier momento en que a su juicio la libertad a prueba de una persona fuere incompatible con la debida seguridad de la comunidad o con el propósito de rehabilitación del delincuente, revocar dicha libertad y ordenar la reclusión de la persona por el periodo de tiempo completo señalado en la sentencia cuya ejecución suspendió para ordenar la libertad a prueba, sin abonarle a dicha persona el periodo de tiempo que estuvo en libertad a prueba. 34 LPRA sec. 1029.

.    .    .    .    .    .    .    .

El Tribunal Supremo de Puerto Rico ha destacado que "el disfrute de una sentencia suspendida es un privilegio y su concesión descansa en la sana discreción del tribunal sentenciador". *Pueblo v. Vélez Torres, supra*. Asimismo, cuando se revoca la libertad a prueba, el estatuto establece palmariamente que procede la reclusión por la condena suspendida, sin abono del tiempo que la persona disfrutó del privilegio.

**III.**

En el caso de autos, el señor Maldonado Colón no imputó error al TPI. No obstante, nos solicitó la revisión de una *Orden* emitida y notificada el 13 de febrero de 2026 sobre una *Solicitud de corrección de sentencia al amparo de la Regla 185 (B) de Procedimiento Criminal* que **no**

**forma parte de los documentos presentados por el peticionario ni se conoce la postura del Ministerio Público, si existe**.

Si bien en su recurso el peticionario arguye sobre errores al sentenciarlo, el puñado de documentos ante nuestra consideración y la *Resolución (TASC)* de la cual tomamos conocimiento muestran la observancia rigurosa a las leyes aplicables en los casos de revocación de sentencias suspendidas, según esbozadas antes. A saber, el sentenciado consiente la revocación si abandona la jurisdicción; y al revocarse la probatoria, se restituye la condena original suspendida, sin abono del tiempo que la persona estuvo en libertad a prueba.

Ahora, en lo que respecta a este caso, conforme reseñamos, la *Orden* impugnada se notificó el 13 de febrero de 2026, por lo que el término para recurrir expiró el 16 de marzo de 2026.[8] El sello electrónico en el SUMAC-TA muestra la fecha de 19 de marzo de 2026. Aun cuando el peticionario fechó el escrito el 13 de marzo de 2026, según puede constatarse de manera fehaciente, el sello de correo postal data de 17 de marzo de 2026.[9] Por lo tanto, es forzoso concluir que el recurso fue presentado fuera del término de cumplimiento estricto hábil para atenderlo, sin que haya mediado justificación específica para la demora. S*oto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

De igual forma, tal como plantea el Pueblo de Puerto Rico, el expediente adolece de documentos esenciales y no obra evidencia de notificación al Ministerio Público. En torno a esto, es necesario precisar que el hecho de que las partes comparezcan por derecho propio, por sí solo, no justifica que se incumplan las reglas procesales. *Febles v. Romar*, 159 DPR 714, 722 (2003).

En fin, un recurso prematuro al igual que uno tardío, "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

---

[8] El 15 de marzo de 2026 fue domingo.
[9] Véase, Apéndice del recurso SUMAC-TA.

Ante la dilación injustificada para presentar el recurso y los incumplimientos consignados, nos vemos impedidos de revisarlo en sus méritos.

**IV.**

Por los fundamentos expuestos, se desestima el recurso de *certiorari* por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones